IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| STANLEY D. DOBROVOLNY, THOMAS J. KRYSL, TERRANCE N. KLINGER, JERRY PREWITT, MIKE POSPICHAL, DARRIN J. PAXTON, DALE PAXTON, ROBERT J. KAUP, CURTIS L. CARR, ROD R. MCCUMBER,<br><br>Plaintiffs,<br><br>vs.<br><br>RAIN AND HAIL, LLC,<br><br>Defendant. | 8:14CV116<br><br>**MEMORANDUM AND ORDER** |

This matter is before the court on defendant's motion to dismiss, Filing No. 7,[1] and motion to dismiss amended complaint, Filing No. 15. In its second motion to dismiss, defendant moves this court to dismiss the amended complaint, or in the alternative, to compel arbitration and stay the proceedings. In their amended complaint, plaintiffs allege four separate causes of action:  (1) violations of the Consumer Protection Act; (2) violations of the Unfair Insurance Trade Practices Act; (3) legal rescission; and, alternatively, (4) equitable rescission. Amended Complaint, Filing No. 13. Each of these claims is based on the same alleged misrepresentation concerning "the measurement of precipitation in the grid." *Id.*, at ¶34 (Consumer Protection claim); *id.* at ¶¶ 40, 41 and 45 (deceptive practices); *id.* at ¶ 47 (legal rescission); and *id.* at ¶ 54 (equitable rescission).

Plaintiffs initially filed this suit in Holt County, Nebraska, alleging defendant fraudulently misrepresented the terms of a federally reinsured Rainfall Index policy. The

---

[1] This motion is rendered moot by the filing of the second motion to dismiss.

Rainfall Index policy provides indemnity to policyholders if the amounts of precipitation for insured acreages deviate from certain expected, historical levels. There is significant dispute as to how such coverage is based, for example, a grade experience factor or weather stations in the general area. Defendant then removed the case to federal court and filed these motions.

Each of the named plaintiffs applied for and received a rain and hail policy. Plaintiffs received up to six documents explaining their coverage, including four from the federal government. There is language in the documents that limits recovery under certain circumstances. *See, e.g.,* Filing No. 13-7 p. 39, Standards Handbook, which states: "It is possible for me to have low crop production or receive low precipitation amounts on the acreage I insure and still not receive an indemnity payment under this plan." The court will first address the motion to compel arbitration.

The defendant, in the alternative, moves the court to compel plaintiffs' claims to binding arbitration pursuant to 9 U.S.C. § 1 *et seq*. The Rainfall Index policies contain an arbitration provision which states:

> 15. Mediation, Arbitration, Appeal, Reconsideration, and Administrative and Judicial Review.
>
> (a) If you and we fail to agree on any determination made by us except those specified in section 15(d), the disagreement may be resolved through mediation in accordance with section 15(g).
>
>> (1) If resolution cannot be reached through mediation, or you and we do not agree to mediation, the disagreement must be resolved through arbitration in accordance with the rules of the American Arbitration Association, except as provided in sections 15(c) and (f), and unless rules are established by FCIC for this purpose. . . .

> (3) All disputes involving determinations made by us, except those specified in section 15(d), are subject to mediation or arbitration. . . .
>
> (c) Any decision rendered in arbitration is binding on you and us unless judicial review is sought in accordance with section 15(b)(3). Notwithstanding any provision in the rules of the American Arbitration Association, you and we have the right to judicial review of any decision rendered in arbitration.

Filing No. 16, Trent-Vilim Aff., Atts. 1-10, at pp. 18-19, respectively. Further, plaintiffs have filed a demand in arbitration with the American Arbitration Association, alleging:

> Respondent failed to pay proper indemnity payments to Claimants under the Pasture, Rangeland, Forage Rainfall Index Policy for lack of rainfall compared to the historical average in insured grids for 2013 index intervals: Jan/Fen, Mar/Apr, and Nov/Dec, totaling $461,975.23 plus interest. Claimants are parties to the policy, which includes a provision (§ 15) requiring arbitration under the rules of the American Arbitration Association; accordingly, Claimants demand arbitration."

Filing No. 8, Trent-Vilim Aff., Att. 11).

Congress enacted the Federal Arbitration Act, 9 U.S.C. §§ 1-16. There is a national policy favoring arbitration. *Buckeye Check Cashing, Inc. v. Cardegna,* 546 U.S. 440, 443-44 (2006). A party can challenge the arbitration agreement in one of two ways, either the validity of the agreement to arbitrate, or the illegality of the contract as a whole. *Id.* at 444.

The court finds that arbitration is required in this case. First, plaintiffs already filed an arbitration proceeding based on the same facts as presented in this case, thus acknowledging the validity of the arbitration agreement. Second, if a case has even some issues of arbitrability, which this one does, the United States Supreme Court has stated: "parties can agree to arbitrate 'gateway' questions of 'arbitrability,' such as whether the parties have agreed to arbitrate or whether their agreement covers a

3

particular controversy." *Rent-A-Center, West, Inc. v. Jackson,* 561 U.S. 63, 69 (2010); *see also* American Arbitration Association Commercial Arbitration Rule 7 (same); *Green v. SuperShuttle Intern., Inc.,* 653 F.3d 766 (8th Cir. 2011) ("In this case, the UFAs specifically incorporated the Rules of the [AAA]. Those rules provide that an arbitrator has the power to determine his or her own jurisdiction over a controversy between the parties. By incorporating the AAA Rules, the parties agreed to allow the arbitrator to determine the threshold questions of arbitrability."). Third, the plaintiffs acknowledge the arbitration clause and state they will not oppose a stay of these proceedings if this court compels arbitration. Filing No. 19, at 15-16.[2] Fourth, the issues set forth in the amended complaint and as argued by the parties all relate to coverage issues under the contract. For all these reasons, the court will compel the parties to arbitrate this case, and the court declines to address the motion to dismiss at this time.

Because the court is directing this case to arbitration, the court will stay the case pending its outcome as required by the Federal Arbitration Act, Section 3, 9 U.S.C. § 3.

THEREFORE, IT IS ORDERED:

1. Defendant's motion to dismiss, Filing No. 7, is denied as moot.

2. Defendant's motion to dismiss, Filing No. 15, is granted with respect to the motion to compel arbitration and denied in all other respects at this time. The defendant is free to reassert this motion to dismiss following the arbitration process, if applicable.

3. This case is hereby stayed pending arbitration in this case. The parties shall seek to immediately arbitrate this case pursuant to the arbitration agreement entered into by them.

---

[2] The court notes for the record, however, that plaintiffs do not wish to arbitrate this case.

4. The parties are instructed to provide the court with a status update every 60 days until this case is determined by the arbitrator.

5. The parties shall notify the court immediately if the case is settled and/or when the arbitration process is completed.

Dated this 26th day of August, 2014.

BY THE COURT:

s/ Joseph F. Bataillon
United States District Judge